**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **LINDA PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:09CV059 |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Linda Phillips, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for Social Security Disability Benefits (DIB). The Commissioner's final decision is based on a finding by an Administrative Law Judge (ALJ) that Plaintiff was not disabled as defined by the Social Security Act (the Act) and applicable regulations.

For the reasons discussed below, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket entry no. 7) be DENIED; that Defendant's motion for summary judgment (docket entry no. 11) be GRANTED; and that the final decision of the Commissioner

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to the extent necessary to properly analyze the case.

be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed for DIB on April 29, 2003, claiming disability due to chronic lymphocytic leukemia. (R. at 55, 69.) Initially, Plaintiff alleged that the disability's onset date was April 23, 2003. (R. at 55.) The date was amended, however, to June 15, 2004 to coincide with Plaintiff's fifty-fifth birthday. (R. at 23, 209-10.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 36-38, 43-45.) Plaintiff requested a hearing and on July 7, 2004, Plaintiff, accompanied by counsel, testified before an ALJ. (R. at 145.) The ALJ rendered an unfavorable decision on August 27, 2004, of which the Plaintiff requested review by the Appeals Council. (R. at 145-54, 161, 166-67.) On March 20, 2006, the Appeals Council remanded Plaintiff's case back to the ALJ for the purpose of further developing the Record on issues of Plaintiff's credibility, residual functioning capacity, and to obtain the testimony by a vocational expert. (R. at 158-60.) On August 17, 2007, a second hearing was held where Plaintiff, accompanied by counsel, testified again before the ALJ. (R. at 203-53.) On August 29, 2007, the ALJ denied Plaintiff's application, finding that Plaintiff was capable of performing her past relevant work as an office manager. (R. at 30.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 7-13.)

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has

made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a vocational expert ("VE"). When a VE is called

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV.  ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 25-26.) At steps two and three, the ALJ found that Plaintiff had the severe impairment of chronic lymphocytic leukemia, but that this impairment did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 26.) The ALJ next determined that Plaintiff had the RFC to perform a full range of sedentary work. (R. at 26.) Specifically, the ALJ found that Plaintiff could "sit up to six hours in an eight-hour workday, stand and walk up to two hours in an eight-hour workday, and lift weights of up to ten pounds frequently." (R. at 26.) The ALJ determined that the Record did not reflect any additional nonexertional limitations. (R. at 26.)

The ALJ then determined at step four of the analysis that Plaintiff could perform her past relevant work as an office manager because the subject employment "does not require the performance of work-related activities precluded by her residual functional capacity." (R. at 30.) Because the ALJ determined that Plaintiff was capable of performing her past relevant work, it

was unnecessary to shift the analysis to step five, where the Commissioner would have had the burden to show that, considering the claimant's age, education, work experience, and RFC, the claimant was capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 30.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks reversal and remand for additional administrative proceedings. (Pl.'s Mot. for Summ. J.) In support of her position, Plaintiff argues that the ALJ erred in improperly discounting her credibility regarding her ability to be employed full time. (Pl.'s Mem. in Supp. of Mot. for Summ. J. "Pl.'s Mem." at 8-19.) Defendant argues that the Commissioner's final decision is supported by substantial evidence and should therefore be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof "Def.'s Mem." at 9-14.)

**1.      Plaintiff Contends that the ALJ erred in improperly discounting her credibility.**

Plaintiff asserts that the ALJ erred by failing to give proper weight to her subjective complaints of fatigue and diminished concentration. (Pl.'s Mem. at 8-19.) Specifically, she contends that the ALJ utilized improper standards in discounting her credibility, and that the ALJ's determination is therefore unsupported by substantial evidence in the Record. (Pl.'s Mem. at 8.)

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 416.920(e)-(f), 416.945(5)(1). The RFC must incorporate impairments supported by the objective

medical evidence in the record and those impairments that are based on the claimant's credible complaints. In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis. Craig v. Charter, 76 F.3d 585, 594 (4th Cir. 1996); see also SSR 96-7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a). The first step is to determine whether there is an underlying medically determinable physical or mental impairment or impairments that reasonably could produce the individual's pain or other related symptoms. Id.; SSR 96-7p, at 1-3. The ALJ must consider all the medical evidence in the record. Craig, 76 F.3d at 594-95; SSR 96-7p, at 5, n.3; see also SSR 96-8p, at 13 (specifically stating that the "RFC assessment must be based on *all* of the relevant evidence in the case record") (emphasis added). If the underlying impairment reasonably could be expected to produce the individual's pain, then the second part of the analysis requires the ALJ to evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work. Craig, 76 F.3d at 595. The ALJ's evaluation must take into account "all the available evidence," including a credibility finding of the claimant's statements regarding the extent of the symptoms, and the ALJ must provide specific reasons for the weight given to the individual's statements. Craig, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11.

This Court must give great deference to the ALJ's credibility determinations. See Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997). The Court of Appeals for the Fourth Circuit (the controlling appellate authority for this court) has determined that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" Id. (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based

on an inadequate reason or no reason at all.'" Id. (quoting NLRB v. McCullough Envtl. Servs., Inc., 5 F.3d 923, 928 (5th Cir. 1993)).

At the hearing before the ALJ and in support of her subjective complaints of fatigue and the physical limitations resulting from her impairment, Plaintiff testified that she is often exhausted and as a result, she has trouble focusing or concentrating on daily activities. (R. at 217, 221, 224.) Plaintiff explained that she experienced fatigue, particularly at the end of the day, that is unlike the exhaustion or tiredness that a healthy person would feel after a full day at work. (R. at 224.) Plaintiff testified that in the evenings, after returning home from her part time job, she would often eat dinner, which her husband would prepare, and then sit and rest until it was time for her to go to retire for the day. (R. at 225, 229.) Plaintiff further testified that she had diminished concentration and focus, and often she would have conversations with people, but would not be able to hear or understand what the other person was saying. (R. at 221.) Even given such complaints, Plaintiff testified that she worked part time as a bank teller, approximately eighteen hours a week, drove herself to work, performed errands, and that she was able to do most housework as well as limited yard work. (R. at 212, 219, 220, 227.)

It is clear from the ALJ's opinion that he performed a thorough analysis of both the subjective and objective medical evidence presented to him in making his determinations as to Plaintiff's credibility and RFC. The ALJ found that the "claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (R. at 28.) Specifically, the ALJ concluded that Plaintiff's description of her daily activities was inconsistent with the concentration difficulties and the level of fatigue Plaintiff

allegedly experienced. (R. at 29.) For example, Plaintiff testified at the hearing that she worked part-time as a bank teller and that she has never had any trouble reconciling her accounts at the end of the workday. (R. at 28, 29, 214-15.) Plaintiff also testified that she had a valid drivers license, that she drove herself to work four times a week, and that she "ran" errands on her own. (R. at 28, 29, 219-20.) Furthermore, Plaintiff stated that she was able to do some chores around the house, was able to take care of her personal needs, worked occasionally in a garden, briefly exercised three times a week, and attended church each week. (R. at 29, 219, 220, 227, 230-31.)

In addition to considering Plaintiff's subjective complaints and daily activities, the ALJ also conducted a thorough review of the medical records and evidence presented at the hearing in making his RFC and credibility determinations. (R. at 27-29.) The ALJ noted during his analysis that the Plaintiff suffered from chronic lymphocytic leukemia, "but that this condition has been non-progressive and virtually asymptomatic without medication." (R. at 29.) In support of his determination, the ALJ explained that Plaintiff's reports of fatigue had been intermittent during the course of her medical treatment, and that on most of her doctor's visits, Plaintiff had reported that she was feeling well. (R. at 29, 192-196, 186.) Indeed, Plaintiff's complaints of fatigue were primarily voiced during visits to her doctor in 2003, and during her more recent visits in 2006, Plaintiff's treating physician documented in his treatment notes on several occasions that Plaintiff had stated that she was "feeling well and really has no complaints." (R. at 192, 194, 195.) Furthermore, there is nothing in the medical records that tends to suggest that Plaintiff complained of limited concentration as a result of her impairment, nor did she express concern about an inability to focus on her work or daily activities.

The ALJ performed the required Craig analysis and provided an explicit rationale to support

his conclusions. The ALJ conducted a thorough review of the medical evidence which, as Plaintiff's counsel candidly acknowledged during the hearing before the ALJ, did not support Plaintiff's allegations that she could not work full time, nor that her ability to concentrate was markedly or severely impaired. (R. at 29, 207.) Furthermore, the ALJ considered the Plaintiff's subjective testimony, as well as letters from her mother and sister and former employer, explaining how Plaintiff's physical abilities had changed since her diagnosis, but upon review of the relevant evidence, the ALJ properly found that the depiction of her fatigue and diminished concentration was incongruent with Plaintiff's daily activities. (R. at 28-29.) The ALJ accordingly found that while Plaintiff's impairment could reasonably be expected to produce the alleged symptoms as she descirbed, the Plaintiff's statements regarding the intensity, duration, and limiting effects of the alleged symptoms were not entirely credible. (R. at 28.)

It is clear that the evidence in the record supports the ALJ's determination that Plaintiff's testimony regarding the extent and limiting effects of her pain was less then credible. Accordingly, the Court recommends a finding that the ALJ's conclusions regarding Plaintiff's credibility and RFC determinations are based on substantial evidence in the record and a proper application of the relevant standards and should not, therefore, be invalidated.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (docket entry no. 7) be DENIED; that Defendant's motion for summary judgment (docket entry no. 11) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James

11

R. Spencer and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                              /s/
                                        DENNIS W. DOHNAL
                                        UNITED STATES MAGISTRATE JUDGE

Date: August 13, 2009
Richmond, Virginia